# EXHIBIT A

<u>SETTLEMENT AGREEMENT AND MUTUAL RELEASE</u>

THIS SETTLEMENT AGREEMENT AND MUTUAL RELEASE (the "Agreement") is made as of this _____ day of _____, 2022, by and between DAMON L. PATTERSON ("Mr. Patterson"), GREG PARKER ("Mr. Parker"), SHAWN BUTLER ("Mr. Butler"), CICILY N. HAWES ("Ms. Hawes") and AP CAPITAL LLC a/k/a AP CAPITAL LIMITED LIABILITY COMPANY ("AP Capital") (singularly, an "Undersigned Party" and collectively, the "Undersigned Parties").

WITNESSETH

WHEREAS, on or about February 4, 2022, Mr. Patterson filed a Complaint (the "Complaint") commencing suit (the "Litigation") against Mr. Parker, Mr. Butler, Ms. Hawes and AP Capital in the District Court for the Eastern District of Pennsylvania under the docket number 2:22-cv-00463 (the "Litigation"); and

WHEREAS, in the Complaint, Mr. Patterson alleged that, in or around February 2020, he and Mr. Parker verbally agreed that Mr. Patterson would wire the sum of $175,000 for the payment of the purchase of two properties in Cleveland, Ohio to be selected by Mr. Parker; and

WHEREAS, Mr. Patterson alleged that, on or about March 5, 2020, he wired the sum of $175,000 to an account held by AP Capital; and

WHEREAS, Mr. Parker alleges that two agreements for the sale of two (2) real properties were forwarded to Mr. Patterson, but Mr. Patterson never signed the agreements; and

WHEREAS, Mr. Patterson alleged that, subsequent thereto, he demanded that the sum of $175,000 that he wired to AP Capital on account of the two properties be returned to him; and

WHEREAS, Mr. Patterson alleged in the Complaint that the sum of $175,000 that he wired to AP Capital was not returned to him; and

WHEREAS, Mr. Patterson alleged in the Complaint significant financial harm as a consequence of the transaction; and

WHEREAS, Mr. Parker, Mr. Butler, Ms. Hawes and AP Capital specifically deny all the allegations made against them in the Complaint by Mr. Patterson; and

WHEREAS, the Undersigned Parties have determined that it would be desirable to settle the Litigation and to put to rest all

controversies and any and all claims which have been or which may have been asserted by Mr. Patterson against Mr. Parker, Mr. Butler, Ms. Hawes and AP Capital and vice versa; and

NOW THEREFORE, in consideration of the mutual promises herein contained and for other good and valuable consideration, the receipt and sufficiency of which is hereby acknowledged, the Undersigned Parties, intending to be legally bound hereby, agree as follows:

1.    Payment to Mr. Patterson. Within forty (40) days upon their receipt of the fully executed Agreement, Mr. Parker, Mr. Butler, Ms. Hawes and AP Capital shall make payment in the amount of two hundred thousand dollars ($200,000.00) to Mr. Patterson, made payable to "Weisberg Law – IOLTA" and such payment shall be delivered to 7 S. Morton Avenue, Morton, PA 19070.

2.    Agreement Termination. Upon the full execution of the Agreement, all oral and/or written agreements between the Undersigned Parties shall be deemed NULL and VOID

2

and all rights and obligations thereunder shall be of no legal consequence as to the Undersigned Parties.

3.    Dismissal of Litigation. Upon the full execution of the Agreement, Mr. Patterson shall immediately cause the dismissal of the Litigation.

4.    Release. Upon compliance with the terms and conditions of paragraph 1 hereof and with the exception of breaches committed hereunder by an Undersigned Party, the Undersigned Parties hereby fully release and forever discharge each other, individually and jointly, and each of their respective successors, assigns, executors, trustees, heirs, agents, employees, affiliates, and representatives from any and all claims, demands, damages, actions, causes of action, suits, debts, assessments, judgments, defaults, counterclaims, claims for indemnity and contribution, obligations, liabilities and losses of any kind whatsoever, in law and in equity, that they ever had or now have against each other, whether or not heretofore asserted, arising out of or relating to the claims alleged in the Litigation.

5.    Confidentiality. Mr. Patterson represents that neither he nor any of his agents and/or representatives will, directly or indirectly, disclose, disseminate and/or publicize the fact of or terms of this Agreement and/or the discussions leading up to this Agreement or any of the documents or knowledge obtained during the course of an investigation of the Agreement to any person, corporation, association or governmental agency or other entity except: (1) if necessary, to state that the matter has been resolved; (2) to the extent necessary, to report income to appropriate taxing authorities; (3) to any attorney, certified public accountant, or tax advisor for the purpose of obtaining any tax advice pertaining to this Agreement and/or for the purpose of representation of an interest in connection with any inquiry or action on the part of any taxing authority or agency; (4) in response to an order of a court of competent jurisdiction or subpoena

3

issued under the authority thereof; or (5) in response to any inquiry or subpoena issued by a state or federal governmental agency; provided, however, that notice of receipt of such judicial order, inquiry or subpoena shall immediately be communicated to legal counsel for Mr. Parker, Mr. Butler, Ms. Hawes and AP Capital, telephonically, and confirmed immediately thereafter, in writing, so that Mr. Parker, Mr. Butler, Ms. Hawes and AP Capital will have the opportunity to intervene to assert what rights they have to non-disclosure prior to the response to the order, inquiry or subpoena. Notwithstanding the above, however, when asked regarding the status of the existing dispute, Mr. Patterson and/or his agents and/or representatives may respond that "the matter has been resolved to the mutual satisfaction of all parties," but nothing more. It is understood that this provision specifically prohibits disclosure of any aspect of this Agreement to any third party, including any credit reporting bureau, publication or any media, with the exception of the individuals and/or entities listed above. Mr. Patterson further agrees that this paragraph is a material term and condition of this Agreement and that, upon a breach of the terms and conditions hereof by Mr. Patterson and/or any of his agents and/or representatives, Mr. Parker, Mr. Butler, Ms. Hawes and AP Capital shall be entitled to injunctive relief to enforce this paragraph and Mr. Patterson shall be required to reimburse Mr. Parker, Mr. Butler, Ms. Hawes and AP Capital for any and all monies paid to him on account of the Agreement.

6.    Non-disparagement. Mr. Patterson and/or his agents and representatives agree to refrain from making any public statements (or authorizing any statements to be reported as being attributed to them) that are critical, derogatory or which may tend to injure the reputation or business of Mr. Parker, Mr. Butler, Ms. Hawes and AP Capital. The Undersigned Parties each further agree that this paragraph is a material term of this Agreement and that, in the event of a breach of the terms and conditions hereof by Mr. Patterson and/or his agents and/or

representatives, Mr. Parker, Mr. Butler, Ms. Hawes and AP Capital shall be entitled to injunctive relief to enforce this paragraph and Mr. Patterson shall be required to reimburse Mr. Parker, Mr. Butler, Ms. Hawes and AP Capital for any and all monies paid to him on account of the Agreement.

7. <u>No Admissions</u>. It is further understood that this Agreement is intended to compromise doubtful and disputed claims, and that any payments made hereunder or any actions taken hereunder are not to be construed as an admission of liability on the part of the persons, firms, corporations and associations hereby released by whom liability is expressly denied.

8. <u>Legal Fees and Costs</u>. Each Undersigned Party is to bear his, her, or its, as the case may be, own attorney's fees and litigation costs, except as provided for in this Agreement. In the case this Agreement is enforced, the substantially prevailing Undersigned Party shall be reimbursed reasonable attorneys' fees and costs by the substantially non-prevailing Undersigned Party.

9. <u>Exclusive Jurisdiction</u>. The Undersigned Parties hereby consent to the exclusive jurisdiction of the District Court for the Eastern District of Pennsylvania in any and all actions or proceedings arising hereunder or pursuant hereto.

10. <u>Waiver of Jury Trial</u>. EACH UNDERSIGNED PARTY WAIVES ANY AND ALL RIGHTS IT, HE, SHE, OR THEY, AS THE CASE MAY BE, MAY HAVE TO A JURY TRIAL IN CONNECTION WITH ANY LITIGATION COMMENCED BY OR AGAINST ANY UNDERSIGNED PARTY TO THIS AGREEMENT WITH RESPECT TO THE RIGHTS AND OBLIGATIONS OF ANY UNDERSIGNED PARTY UNDER THIS AGREEMENT.

_____ (Initial)

_____ (Initial)

DYLAN N CLINE
NOTARY PUBLIC OF NEW JERSEY
Commission Expires 8/13/2025
Commission # 50133984

5


_____ (Initial)

_____ (Initial)

_____ (Initial)

11.    <u>Notice</u>. Unless otherwise provided herein, any notice required or permitted under this Agreement shall be deemed sufficiently given or served if sent by United States certified mail (return receipt requested), along with a true and correct copy of which is sent by United States First-Class Mail and electronic mail addressed as follows:

As to Mr. Patterson:

> Damon Patterson
> 238 Knoll View Drive
> Phillipsburg, NJ 08865
> E-Mail: Damon5909@gmail.com

With copy to:

> Weisberg Law
> 7 S. Morton Avenue
> Morton, PA 19070
> E-Mail: mweisberg@weisberglawoffices.com and adjiiacomo@weisberglawoffices.com

As to Mr. Parker:

> Gregory Parker
> _____
> E-Mail: _____

With copy to:

> Natalie Klyashtorny, Esquire
> Nochumson P.C.
> 123 South Broad Street
> Suite 1600
> Philadelphia, PA 19109
> E-Mail: natalie.klyashtorny@nochumson.com

As to Mr. Butler:

> Shawn Butler
> _____
> E-Mail: _____

With copy to:

> Natalie Klyashtorny, Esquire
> Nochumson P.C.

6

123 South Broad Street
Suite 1600
Philadelphia, PA 19109
E-Mail: natalie.klyashtorny@nochumson.com

As to Ms. Hawes:                    Cicily N. Hawes

                                    _____

                                    E-Mail: _____

With copy to:                       Natalie Klyashtorny, Esquire
                                    Nochumson P.C.
                                    123 South Broad Street
                                    Suite 1600
                                    Philadelphia, PA 19109
                                    E-Mail: natalie.klyashtorny@nochumson.com

As to AP Capital:                   AP Capital LLC a/k/a AP Capital Limited Liability
                                    Company

                                    _____

                                    E-Mail: _____

With copy to:                       Natalie Klyashtorny, Esquire
                                    Nochumson P.C.
                                    123 South Broad Street
                                    Suite 1600
                                    Philadelphia, PA 19109
                                    E-Mail: natalie.klyashtorny@nochumson.com

Any Undersigned Party may designate a different person or entity or place to or at which notices shall be given by delivering a written notice to that effect to the other Undersigned Parties and his, her, or its, as the case may be, legal counsel.

12.   Governing Law. This Agreement shall be construed, interpreted, and governed by and in accordance with the laws of the Commonwealth of Pennsylvania.

13.   Entire Agreement. This Agreement contains and constitutes the entire agreement and understanding of the Undersigned Parties concerning the subject matter; it supersedes all prior oral or written promises, representations, agreements, or understandings of the Undersigned

7

Parties with respect to its subject matter. The terms and provisions of this Agreement may not be modified except by a writing duly executed by the Undersigned Parties.

14.    Construction. The language in this Agreement shall be construed as a whole according to its fair meaning, strictly neither for nor against any Undersigned Party, and without implying as presumption that its terms shall be more strictly construed against one Undersigned Party by reason of the rule of construction that a document is to be construed more strictly against the person who drafted it.

15.    Severability; Validity. The provisions of this Agreement are severable and the invalidity or unenforceability of any provision will not affect or impair the operation or effect of the remaining provisions which remaining provisions will continue in full force and operation.

16.    Further Documentation. The Undersigned Parties shall execute any such other document as may be reasonably required to settle the controversy between them as described in this Agreement.

17.    Representation of Counsel. The Undersigned Parties acknowledge that at all times material they have been represented by counsel of their own choosing or they had the opportunity to be represented by counsel of their own choosing concerning their rights affected by this Agreement, the form and content of it and the advisability of executing it. This Agreement has been reviewed by legal counsel for each of the Undersigned Parties hereto or each of the Undersigned Parties had the opportunity to have their legal counsel review this Agreement and this Agreement will not be strictly construed against any Undersigned Party.

18.    Counterparts. This Agreement may be executed in counterparts. When each Undersigned Party has executed a copy of this Agreement, the executed copies taken together

8

shall have the same force and effect as if executed in one document. Facsimile or electronic signatures on this Agreement shall be deemed original signatures.

19.    Due Authority.    Each individual executing this Agreement represents and warrants that he or she, as the case may be, has the authority to do so and that execution and delivery of this Agreement has been duly and validly authorized. Each Undersigned Party to this Agreement further represents and warrants that he or she, as the case may be, has not: (i) transferred, assigned or conveyed; (ii) agreed to transfer, assign or convey; or (iii) taken any action that would cause there to be transferred, assigned or conveyed, at any time to any other person and/or entity, in whole or in part, any claim released by or otherwise subject to this Agreement and any interest therein.

20.    Independent Investigation.    The Undersigned Parties acknowledge that they have entered into this Agreement in reliance on their own independent investigation and analysis of the facts and the subject of this Agreement. No representations, warranties or promises of any kind have been made, directly or indirectly, to induce them to execute this Agreement other than those that are expressly set forth herein.

21.    Binding Effect.    This Agreement is binding upon and inures to the benefit of the Undersigned Parties hereto as well as their respective successors, heirs, assigns, executors, administrators, agents and representatives.

22.    Headings.    The headings used in this Agreement are for the convenience of the Undersigned Parties only and shall not be considered in interpreting the meaning of any provision of this Agreement.

THE REMAINDER OF THIS PAGE IS LEFT INTENTIONALLY BLANK

SIGNATURE LINES TO FOLLOW

9

IN WITNESS WHEREOF, the Undersigned Parties have executed these presents the day and year first above written and intend to be legally bound.

**DAMON PATTERSON**

**GREG PARKER**

**SHAWN BUTLER**

**CICELY N. HAWES**

AP CAPITAL LLC a/k/a AP CAPITAL LIMITED LIABILITY COMPANY:

By:

Name: Danielle Parker

Title: Owner

10

## ACKNOWLEDGEMENT

STATE OF NEW JERSEY         :

                             :    SS

COUNTY OF __Warren__        :

On this, the __16__ day of ___May___, 2022, before me, a Notary Public, the undersigned officer, personally appeared DAMON PATTERSON known to me (or satisfactorily proven) to be the person whose name is subscribed to the aforesaid Settlement Agreement and Mutual Release, and acknowledged that he has executed the same for the purposes therein contained.

     IN WITNESS WHEREOF, I hereunto set my hand and official seal.

_____
Notary Public

My Commission expires: __08/13/2025__

DYLAN N CLINE
NOTARY PUBLIC OF NEW JERSEY
Commission Expires 8/13/2025
Commission # 50133964

11

*State of Florida* ~~COMMONWEALTH OF PENNSYLVANIA~~ **ACKNOWLEDGEMENT** *TBM*

             :   SS

COUNTY OF   *Broward*      :

On this, the 29th day of ____June____, 2022, before me, a Notary Public, the undersigned officer, personally appeared GREG PARKER known to me (or satisfactorily proven) to be the person whose name is subscribed to the aforesaid Settlement Agreement and Mutual Release, and acknowledged that he has executed the same for the purposes therein contained.

  IN WITNESS WHEREOF, I hereunto set my hand and official seal.

_____
Notary Public

My Commission expires: 5/8/2026

12

## ACKNOWLEDGEMENT

COMMONWEALTH OF PENNSYLVANIA    :

                                             :    SS

COUNTY OF _____    :

On this, the _____ day of _____, 2022, before me, a Notary Public, the undersigned officer, personally appeared SHAWN BUTLER known to me (or satisfactorily proven) to be the person whose name is subscribed to the aforesaid Settlement Agreement and Mutual Release, and acknowledged that he has executed the same for the purposes therein contained.

IN WITNESS WHEREOF, I hereunto set my hand and official seal.

_____

Notary Public

My Commission expires: _____

13

*State of Florida* ~~COMMONWEALTH OF PENNSYLVANIA~~ *Ten* **ACKNOWLEDGEMENT**

:

COUNTY OF ___*Broward*___ : **SS**

:

On this, the __24th__ day of ___*June*___, 2022, before me, a Notary Public, the undersigned officer, personally appeared CICILY N. HAWES known to me (or satisfactorily proven) to be the person whose name is subscribed to the aforesaid Settlement Agreement and Mutual Release, and acknowledged that he has executed the same for the purposes therein contained.

IN WITNESS WHEREOF, I hereunto set my hand and official seal.

_____
Notary Public

My Commission expires: __5/8/2026__

14

**ACKNOWLEDGEMENT**

~~COMMONWEALTH OF PENNSYLVANIA~~ *State of Florida Tom* :

:  SS

COUNTY OF _____*Broward*_____ :

On this, the _24th_ day of _____*June*_____, 2022, before me, a Notary Public, the undersigned officer, personally appeared GREGORY PARKER, who acknowledged himself to be the Sole Shareholder of AP Capital LLC a/k/a AP Capital Limited Liability Company, a Pennsylvania limited liability company, known to me (or satisfactorily proven) to be the person whose name is subscribed to the aforesaid Settlement Agreement and Mutual Release, and acknowledged that she has executed the same, on behalf thereof, for the purposes therein contained.

IN WITNESS WHEREOF, I hereunto set my hand and official seal.



_____
Notary Public

My Commission expires: _5/8/2026_

15

# EXHIBIT B

Weisberg Law, P.C.                                    L.Anthony DiJiacomo <adijiacomo@weisberglawoffices.com>

___

## New Case: Patterson v. Parker, et al (EDPA 22-0463)

**L. Anthony DiJiacomo** <adijiacomo@weisberglawoffices.com>                    Thu, Jun 23, 2022 at 11:23 AM
To: Natalie Klyashtorny <natalie.klyashtorny@nochumson.com>
Cc: "Matthew B. Weisberg, Esq." <mweisberg@weisberglawoffices.com>, Gary Schafkopf <Gary@schaflaw.com>

Good morning Natalie,

Per our conversation this morning, I am confirming that we agreed to accept the settlement payment of $200,000, which would have been due on Monday, in two installment payments; i.e. $100,000 by Monday and a second payment of $100,000 due thirty days thereafter.

Also, I am confirming that we will file an appropriate praecipe to mark the matter settled.

When possible, please send me a copy of the fully executed agreement. Thanks!

Warmly,

Anthony

> On Mon, May 16, 2022 at 5:31 PM L. Anthony DiJiacomo <adijiacomo@weisberglawoffices.com> wrote:
> Good evening Natalie,
>
> Kindly find attached the Plaintiff-executed settlement agreement. When able, please send us the fully executed agreement. Thank you; hope all is well!
>
> Warmly,
>
> Anthony
>
> > On Thu, May 12, 2022 at 4:43 PM L. Anthony DiJiacomo <adijiacomo@weisberglawoffices.com> wrote:
> > Received, thank you.
> >
> > > On Thu, May 12, 2022 at 4:08 PM Natalie Klyashtorny <natalie.klyashtorny@nochumson.com> wrote:
> > >
> > > Anthony,
> > >
> > >
> > > Please see attached.
> > >
> > >
> > > Thank you,
> > >
> > > Natalie
> > >
> > >  **Natalie Klyashtorny | Nochumson P.C.**
> > >
> > > 123 South Broad Street, Suite 1600, Philadelphia, PA 19109
> > >
> > > Phone: (215) 600-2852 | Fax: (215) 399-1347
> > > natalie.klyashtorny@nochumson.com | www.nochumson.com
> > >
> > >
> > >
> > > This message is intended only for the individual or entity to which it is addressed and may contain information that is privileged, confidential and exempt from disclosure under applicable law.  If the reader of this message is not the intended recipient, or the employee or agent responsible for delivering the message solely to the intended recipient, you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited.  If you have received this communication in error, please notify us immediately by telephone or return e-mail.
> > >
> > > ___
> > >
> > > **From:** L. Anthony DiJiacomo <adijiacomo@weisberglawoffices.com>
> > > **Sent:** Wednesday, May 11, 2022 8:54 AM
> > > **To:** Natalie Klyashtorny <natalie.klyashtorny@Nochumson.com>
> > > **Cc:** Matthew B. Weisberg, Esq. <mweisberg@weisberglawoffices.com>; Gary Schafkopf <Gary@schaflaw.com>
> > > **Subject:** Re: New Case: Patterson v. Parker, et al (EDPA 22-0463)
> > >
> > >
> > > Thanks Natalie; we appreciate it.